UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| REGINA WILLIAMS, | Case No.: 1:17-cv-0993-SKO |
| Plaintiff, | **ORDER FOR REMAND** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **(Doc. 19)** |
| Defendant. | |

On June 27, 2018, the Commissioner of Social Security (the "Commissioner" or "Defendant") filed a Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 19.) While Plaintiff Regina Williams ("Plaintiff") filed an opposition to Defendant's Motion for Remand on July 30, 2018 (Doc. 21), the parties agree the case should be remanded back to the Commissioner. The parties disagree, however, as to the scope of that remand.

Defendant contends on remand the administrative law judge ("ALJ") should determine the appropriate period of adjudication for Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, including whether to accept new evidence from periods for which Plaintiff's previous applications for DIB and SSI benefits have already been adjudicated. (Doc. 19 at 3–4.) Plaintiff contends the "deed is done" and the ALJ

has already reopened Plaintiff's prior disability determinations, such that this case should be remanded with instructions for the ALJ to develop the record by gathering evidence from the time periods covered by Plaintiff's previously-adjudicated claims. (Doc. 21 at 1–2.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## I. BACKGROUND

On September 19, 2013, Plaintiff filed applications for DIB and SSI benefits, alleging that she became disabled on January 4, 2004, due to arthritis, seizures, neuropathy, depression, blindness, COPD, nerve damage sciatica, diabetes, and muscles spasms in her arms, hands, feet, and legs. (Administrative Record ("AR") 11, 312–26, 350). The Commissioner denied Plaintiff's applications for DIB and SSI benefits initially on January 24, 2014, and again on reconsideration on May 16, 2014. (AR 11, 197–98, 237–38.) Consequently, Plaintiff requested a hearing before an ALJ on July 21, 2014. (AR 11, 268–69.)

The ALJ convened a hearing on December 9, 2015 and issued a decision finding Plaintiff not disabled on February 3, 2016. (AR 8–28, 34-70.) The decision denied Plaintiff's DIB and SSI claims and found her not disabled from her alleged disability onset date of January 4, 2004, through the date of the decision. (AR 12.) In the procedural history section of the ALJ's decision, the ALJ referenced Plaintiff's previous applications for DIB and SSI benefits. (AR 11.) Specifically, the ALJ noted that a previous decision by the Commissioner dated October 26, 2007, denied Plaintiff's application for DIB and SSI benefits and found her not disabled from her alleged disability onset date of February 15, 2002, through the date of the decision. (AR 11, 122–33). The ALJ further noted that a second decision by the Commissioner issued on April 6, 2012, denied Plaintiff's application for SSI benefits and found her not disabled from the date of her application on January 4, 2010, through the date of the decision. (AR 11, 140–54.) After referencing the previous two decisions denying Plaintiff's prior applications for DIB and SSI benefits, the ALJ stated that the previous decisions were "final and binding, and they are not

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 6, 7.)

reopened herein." (AR 11.) Additionally, although the ALJ noted there is a rebuttable presumption of continuing non-disability based on Plaintiff's previously-adjudicated claims, the ALJ still found "significant 'changed circumstances'" existed to justify making new findings with respect to the unadjudicated periods. (AR 11–12 (quoting *Taylor v. Hicks*, 765 F.2d 872, 875 (9th Cir. 1983).)

On February 19, 2016, Plaintiff sought Appeals Council review of the ALJ's February 3, 2016 decision denying her DIB and SSI claims. (AR 310–11). The Appeals Council denied Plaintiff's request for review on May 22, 2017 (AR 1–4), and the ALJ's decision became the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481.

On July 26, 2017, Plaintiff filed a complaint before this Court seeking review of the ALJ's February 3, 2016 decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). (Doc. 1.) Plaintiff filed her opening brief on April 16, 2018, which raised the issue as to the appropriate scope of review on remand as her first argument. (Doc. 14 at 8–10.) After reviewing Plaintiff's opening brief and the administrative record, Defendant agreed to voluntarily remand the case for further proceedings, but when the parties could not agree on the scope of the proceedings on remand, Defendant filed the instant motion for remand. (Doc. 19 at 3.)

## II. DISCUSSION

### A. Legal Standard

Sentence four of 25 U.S.C. 405(g) provides that the district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[2] When the district court remands a case to the Commissioner, the Appeals Council[3] "may make a decision, or it may remand the case to an [ALJ] with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20

---

[2] The statute governing the procedure for payment of SSI benefits provides that final determinations of the Commissioner are subject to judicial review to the same extent as DIB claims under 42 U.S.C. § 405(g). 42 U.S.C. § 1983(c)(3).

[3] "Appeals Council" refers to "the Appeals Council of the Office of Hearings and Appeals in the Social Security Administration or such member or members thereof as may be designated by the Chairman." 20 C.F.R. § 404.2(b)(2).

C.F.R. §§ 404.983, 416.1483. If the Appeals Council assumes jurisdiction of the case on remand, "[a]ny issues relating to [a claimant's] claim may be considered by the Appeals Council whether or not they were raised in the administrative proceedings leading to the final decision in [the] case." 20 C.F.R. §§ 404.984, 416.1484. Likewise, if the case is remanded by the Appeals Council to an ALJ, "[a]ny issues relating to [the claimant's] claim may be considered by the [ALJ]." 20 C.F.R. §§ 404.983, 416.1483. However, the ALJ must follow "the procedures explained in [20 C.F.R.] § 404.977," which provide that the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.983, 416.1483, 404.977(b).

In addressing the scope of issues to be addressed by an ALJ pursuant to a district court's order remanding the case, the United States Supreme Court has explained:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Often, complex legal issues are involved, including classification of the [plaintiff's] alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining [plaintiff's] disability. Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*Sullivan v. Hudson*, 490 U.S. 877, 885–86 (1989) (citations omitted). In sum, *Sullivan* provides that when a district court's remand order contains specific directions for the Commissioner to follow on remand, it is legal error for the Commissioner to deviate from those instructions.

In terms of the time period under review on remand, the Commissioner's regulations establish certain time constraints and requirements for reopening prior DIB and SSI claims. *See* 20 C.F.R. §§ 404.988, 416.1488. Specifically, if good cause is shown, the Commissioner may reopen a DIB determination within four years, and an SSI determination within two years, of the date of notice of the initial determination. 20 C.F.R §§ 404.988(b), 416.1488(b). The Commissioner will only find "good cause" to reopen a prior determination if new and material evidence is furnished, a clerical error is made in computing benefits, or the "evidence that was considered in making the determination or decision clearly shows on its face that an error was

made." 20 C.F.R. § 404.989. The Commissioner may also reopen a DIB or SSI claim at any time under certain circumstances such as fraud. 20 C.F.R §§ 404.988(c), 416.1488(c).

Notwithstanding the Commissioner's regulations, if an ALJ is aware of the denial of a claimant's prior application for DIB or SSI benefits, but accepts an alleged onset date during a previously-adjudicated period, and considers evidence of disability from the already-adjudicated period, then "it is appropriate for the Court to treat the ALJ's actions as a de facto reopening." *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001); *see also Lester v. Chater*, 81 F.3d 821, 827 n. 3 (9th Cir. 1996) ("There is an exception to the general rule that courts may not review the Commissioner's decision not to reopen, where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already adjudicated period." (quoting *Gregory v. Bowen*, 844 F.3d 664, 666 (9th Cir. 1988)).

### B. The ALJ Should Determine the Time Period to be Adjudicated on Remand.

Both parties agree that the ALJ erred and judgment should be entered in favor of Plaintiff. Defendant concedes that the ALJ "erred by not recognizing the conflict between his refusal to reopen the administratively final denials of Plaintiff's prior DIB and SSI claims and his willingness to evaluate the instant DIB and SSI claims from January 4, 2004, onward – a period that the previous unfavorable ALJ decisions covered in part." (Doc. 19 at 3.) In other words, the ALJ erred by stating he was not reopening Plaintiff's prior disability claims, while using an alleged onset date during the previously-adjudicated period. While Plaintiff contends the ALJ erred for several other reasons related to the ALJ's assessment of the medical evidence in the case, Plaintiff does not dispute the error identified by Defendant. (*See* Doc. 21.) Accordingly, because the parties agree the ALJ erred by issuing an internally inconsistent opinion, the Court has the authority pursuant to sentence four of 25 U.S.C. 405(g) to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Generally, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The scope of review on remand from the district court is generally broad. On

remand, the ALJ may consider "[a]ny issues relating to [the claimant's] claim" and take "any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.983, 416.1483, 404.977(b). Despite the broad scope of review provided by the Commissioner's administrative regulations, the Commissioner still must follow the instructions provided by the district court in any proceedings on remand. *Sullivan*, 490 U.S. at 885–86.

Here, the parties agree the defect in the ALJ's opinion is that it is internally inconsistent with respect to the time period adjudicated. Specifically, the opinion expressly states Plaintiff's prior disability determinations "are final and binding" and "are not reopened herein." (AR 11.) At the same time however, the ALJ also made a finding that Plaintiff has not been disabled since her alleged disability onset date of January 4, 2004. (AR 12.) As Plaintiff's most recent disability determination determined she was not disabled up to April 6, 2012, the ALJ's finding is inconsistent with the statement that the previously-adjudicated disability determinations are not being reopened. Despite the inconsistency, this is an error that can be corrected on remand because the ALJ can revise his opinion to avoid the inconsistency by further evaluating the period to be adjudicated. Accordingly, the case should be remanded for further proceedings and to determine the extent to which Plaintiff's prior disability determinations should be reopened in accordance with the Commissioner's regulations. *See Marcia*, 900 F.2d at 176.

Plaintiff contends this Court's order on remand should specify that the ALJ's error constructively reopened Plaintiff's prior disability claims and on remand, the Commissioner should be instructed to develop the record by gathering evidence going back to Plaintiff's alleged onset date of January 4, 2004. Plaintiff relies primarily on the Ninth Circuit's decisions in *Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001) and *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996). (Doc. 14 at 8–9.)[4]

---

[4] Plaintiff also cites several cases from federal district courts outside California, but none of the other cases cited by Plaintiff change the rule from the Ninth Circuit in *Lewis* and *Lester*. (Doc. 14 at 9 (citing *Tokarz v. Comm'r of Soc. Sec.*, No. 2:16–cv–00237–JTR, 2017 WL 3902556, at *1 n.1 (E.D. Wash. Sept. 6, 2017); *Reyes v. Colvin*, No. 15–cv–0475–TUC–LCK, 2016 WL 7367723, at *4 (D. Ariz. Dec. 20, 2016); *Witt v. Colvin*, No. 3:13–cv–01550–SI, 2014 WL 6750329, at *2 (D. Or. Dec. 1, 2014).) Moreover, such cases are merely persuasive authority in the Eastern District of California. *Starbuck v. City & Cty. of San Francisco*, 556 F.2d 450, 457 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another.").

In *Lewis*, the claimant filed a first application in 1991, which the Commissioner denied that year without an administrative hearing. 236 F.3d at 508. The claimant filed for benefits again in 1992 and claimed he had been unable to work since 1990. *Id.* The Commissioner denied the second application, and the claimant proceeded to a hearing before an ALJ. *Id.* The ALJ considered evidence of the claimant's disability, which dated from before the alleged onset date in 1990. *Id.* A magistrate judge affirmed the ALJ's decision and concluded *sua sponte* that the denial of the 1991 application had *res judicata* effect on the issue of whether the claimant was disabled before 1991. *Id.* On appeal, the Ninth Circuit reversed and found that the 1991 denial did not have *res judicata* effect on that issue. *Id.* at 510. The Court held that the ALJ de facto reopened the 1991 application, because (1) he knew that the 1991 application was denied, (2) "he considered evidence of the claimant's disability from as early as 1989," and (3) he "accepted without comment the alleged onset date of [September 15, 1990]." *See id.* Thus, to constructively reopen a prior disability determination under *Lewis*, the ALJ must do more than merely be aware of a prior decision finding the claimant nondisabled and accept an alleged onset date during a previously-adjudicated time period—the ALJ must also evaluate evidence from the previously-adjudicated time period. *See id.*

Here, only two of the three requirements in *Lewis* are satisfied. Plaintiff's Opening Brief emphasizes that the ALJ knew about the prior decisions finding Plaintiff not disabled dating back to 2002 and accepted Plaintiff's alleged onset date of January 4, 2004 "without comment," but Plaintiff fails to identify any examples where the ALJ considered evidence of Plaintiff's disability prior to April 2012. (*See* Doc. 14 at 9 ("[T]he ALJ 'accepted without comment' Plaintiff's alleged onset date of January 4, 2004 and adjudicated the time period from January 2004 to February 2016 (Tr. 14, 28). Therefore, evidence from the entire time period going back to January 4, 2004, is subject to judicial review.").) Additionally, despite Plaintiff's reliance on *Lester*, which requires the ALJ to consider "'on the merits' the issue of the claimant's disability during the already adjudicated period," Plaintiff does not argue that the ALJ determined Plaintiff's disability prior to April 2012 "on the merits." (Doc. 14 at 8–9 (citing *Lester*, 81 F.3d at 827 n.3).) Instead, Plaintiff contends the ALJ "adjudicated the time period from January 2004

to February 2016" merely by accepting Plaintiff's alleged onset date of January 4, 2004. (Doc. 14 at 9.) The Court finds that accepting Plaintiff's alleged onset date without comment is not the same as evaluating evidence from a previously-adjudicated time period, and therefore, it is not appropriate to treat the ALJ's decision as de facto reopening Plaintiff's prior disability claims.

Although not identified by Plaintiff as an example of the ALJ considering evidence from previously-adjudicated periods, the ALJ's decision references a liver biopsy in March 2012, which was a month before Plaintiff's most recent non-disability determination in April 2012. (AR 19.) However, the reference to the March 2012 liver biopsy is in Plaintiff's treatment notes from a September 2012 appointment, which refer to the March 2012 liver biopsy along with Plaintiff's other medical history before and after April 2012. (AR 19 (citing AR 448).) There does not appear to be any treatment notes in the administrative record from the biopsy in March 2012 for the ALJ to evaluate, and Plaintiff makes no allegations of error related to the ALJ's assessment of these treatment notes. Moreover, the treatment notes from the September 2012 appointment summarize the medical evidence concerning Plaintiff's Hepatitis C diagnosis, which the ALJ's decision goes on to explain was no longer detectable by November 2013. (AR 19 (citing AR 443).) Accordingly, even though the ALJ cited treatment notes that reference a procedure during a previously-adjudicated period, it is not clear whether the ALJ actually evaluated any medical evidence prior to April 2012 or relied on such evidence to make a determination regarding Plaintiff's disability status "on the merits" prior to April 2012. Thus, the ALJ did not constructively reopen the record from Plaintiff's previous disability claims. *See Lewis*, 236 F.3d at 510; *Lester*, 81 F.3d at 827 n.3.

**C. Remand With Benefits is Inappropriate.**

Without citing any authority, Plaintiff requests this Court credit as true the testimony of her treating physician Dr. Deborah Wong and remand her case for payment of benefits. (Doc. 14 at 12; *see also* Doc. 21 at 3.) The Court declines to do so here.

The credit-as-true rule is only applicable, "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician." *Lester*, 81 F.3d at 834. Here, the error identified by the parties relates to the ALJ's consideration of evidence

from previously-adjudicated time periods. The error does not relate to the ALJ's evaluation of Dr. Wong's opinion and the Court makes no findings with respect Dr. Wong's opinion. Accordingly, because there is no finding by the Court that the ALJ erred in his consideration of Dr. Wong's opinion, the Court denies Plaintiff's request to credit Dr. Wong's opinion as true and remand for payment of benefits.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for remand is GRANTED and the Court hereby ORDERS as follows:

1. The Clerk of this Court is DIRECTED to (1) enter judgment in favor of Plaintiff Regina Williams and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and (2) administratively close this file;

2. This action is REMANDED to the Commissioner of Social Security for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four;

3. Upon remand, the Appeals Council will FURTHER REMAND the case to an administrative law judge ("ALJ") for a new hearing and decision;

4. The Appeals Council will INSTRUCT the ALJ to further evaluate and determine the period to be adjudicated including whether *res judicata* should be applied to any periods covered by Plaintiff's previous applications for Disability Insurance Benefits and/or Supplemental Security Income benefits, and whether reopening of Plaintiff's prior disability claims would be appropriate under the Commissioner's regulations and other applicable authorities; and

5. The Appeals Council will FURTHER INSTRUCT the ALJ to take further action, as warranted, to complete the administrative record and resolve the above issues.

IT IS SO ORDERED.

Dated: **September 11, 2018**     /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE